UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

LINDA MAPES,                                              Case No. DK 09-03104
                                                         Hon. Scott W. Dales
                    Debtor.
_____/

ESTATE OF THOMAS E. KNOWLAN,

                    Plaintiff,                            Adversary Proceeding
                                                         No. 09-80287
v.

LINDA MAPES,

                    Defendant.
_____/


MEMORANDUM OF OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge


The conservatorship Estate of Thomas E. Knowlan (the "Plaintiff"), filed a complaint

seeking to except a claim against Debtor Defendant Linda Mapes ("Ms. Mapes") from discharge

under 11 U.S.C. § 523(a)(4).  Relying on the State Court's Order dated January 4, 2008 (the

"State Court's Order"), the Plaintiff filed a motion for summary judgment (DN 15, the

"Motion").  The court gave Ms. Mapes an opportunity to oppose the Motion, and she submitted

an unsigned letter-brief (DN 16), by mailing it to the courthouse in Kalamazoo, Michigan.[1]  For

_____

[1] The court's local rules and electronic case filing procedures permit *pro se* debtors, such as Ms. Mapes, to file conventional paper, rather than electronic, documents.  Such conventional filers in the lower peninsula, however, must file their papers with the Clerk of the Bankruptcy Court, One Division Avenue North, Grand Rapids, Michigan, 49503.  See LBR 5001(b)(1).  Going forward, the Debtor should file all further pleadings, motions, or other papers by sending them to the Clerk at this Grand Rapids address to ensure that the court receives her filings.

the following reasons, the court will enter an order granting the Motion and directing entry of a

judgment excepting the Plaintiff's claim from discharge.

## I.  ANALYSIS

Because the Motion relies on the State Court's Order, the Motion properly invokes the

Full Faith and Credit Statute.  See 28 U.S.C. § 1738.  According to the United States Supreme

Court,

> [t]his statute directs a federal court to refer to the preclusion law of the State
> in which judgment was rendered. "It has long been established that § 1738
> does not allow federal courts to employ their own rules ... in determining the
> effect of state judgments. Rather, it goes beyond the common law and
> commands a federal court to accept the rules chosen by the State from which
> the judgment is taken."

Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)(quoting

Kremer v. Chemical Construction Corp., 456 U.S. 461, 481-82 (1982)); Bay Area Factors v.

Calvert (In re Calvert) 105 F.3d 315, 317 (6th Cir. 1997).

Michigan has adopted the following rule, among others, governing the preclusive effect

of its court's judgments:

> A copy of any order, judgment or decree, of any court of record in this state,
> duly authenticated by the certificate of the judge, clerk or register of such
> court, under the seal thereof, shall be admissible in evidence in any court in
> this state, and shall be *prima facie* evidence of the jurisdiction of said court
> over the parties to such proceedings and of all facts recited therein, and of the
> regularity of all proceedings prior to, and including the making of such order,
> judgment or decree.

MCL 600.2106.  Accordingly, the court may, indeed must, accept the facts recited in the State

Court's Order as *prima facie* evidence of the State Court's jurisdiction, the regularity of its

proceedings, and "all facts recited therein."  Id.[2]

---

[2] Because the State Court Order constitutes *prima facie* evidence and because Ms. Mapes did not offer anything to create a genuine issue of material fact, the Plaintiff has met its summary judgment burden of establishing a *prima facie* case for excepting the Debt from discharge without resorting to the collateral estoppel effect of the State Court

The State Court's Order constitutes *prima facie* evidence that before she filed a voluntary petition under Chapter 7 with the bankruptcy court, Ms. Mapes served as a state court conservator and guardian for her incapacitated and aged father, Thomas Knowlan. During her service as conservator, the State Court entrusted Thomas Knowlan's property to Ms. Mapes, including his real estate, motor vehicles and other tangible property, as well as substantial sums of cash in demand deposit accounts.

On January 4, 2008, after conducting a hearing at which Ms. Mapes appeared personally and through counsel, the Honorable Michael E. Nye, a family court judge in the Circuit Court for Hillsdale County, Michigan (the "State Court"), entered an order finding that she had misappropriated $30,500.56 in cash (the "Debt") from her father while serving as his conservator. The State Court arrived at this amount after considering Ms. Mapes's accounting, and the accounting that her successor conservators provided, and after giving Ms. Mapes an opportunity to explain the misappropriation. These facts, taken from the State Court's Order and entitled to *prima facie* evidentiary effect, establish defalcation while acting in a fiduciary capacity, and embezzlement, within the meaning of 11 U.S.C. § 523(a)(4).

The funds and other property belonging to Thomas E. Knowlan but entrusted to Ms. Mapes under the conservatorship order satisfy the Sixth Circuit's requirement of facts "involving an express or technical trust relationship arising from the placement of a specific *res* in the hands of the debtor." In re Garver, 116 F.3d 176, 179 (6th Cir.1997); Oregon State Bar Association v. Kelley (In re Kelley), 360 B.R. 753 (Bankr. N.D. Ohio 2006) (attorney who misappropriated client trust funds and funds he held as conservator committed defalcation within the scope of 11 U.S.C. § 523(a)(4)). Michigan law treats conservatorship property as being subject to a statutory

---

Order. The facts recited in the State Court Judgment support summary judgment in much the same way as an uncontradicted affidavit or solemn declaration might have supported such relief.

trust. MCL 700.5419(1) ("Appointment of a conservator vests in the conservator, title as trustee to all of the protected individual's property"). Thus, Ms. Mapes, while serving as her father's conservator, was a statutory trustee with respect to her father's property, not unlike a contractor is a fiduciary under the Michigan Building Contract Fund Act. Cf. Carlisle Cashway, Inc. v. Johnson (In re Johnson), 691 F.2d 249, 252 (6th Cir.1982) ("The Michigan Building Contract Fund Act imposes a 'trust' upon the building contract fund paid by any person to a contractor or subcontractor...."). The court finds that she committed defalcation while acting in a fiduciary capacity, within the meaning of 11 U.S.C. § 523(a)(4), as interpreted in our Circuit.

In addition, the facts recited in the State Court's Order establish embezzlement by showing that the State Court, on behalf of Thomas Knowlan, "entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud." McAllister v. Brady (In re Brady), 101 F.3d 1165 (6th Cir. 1996). The State Court's Order specifically enters judgment in the amount of $30,500.56 against Ms. Mapes "for the fraud and misappropriation of funds."

As noted above, Ms. Mapes filed an unsigned letter (DN 16) describing in poignant terms the hardships that she endured as her father's guardian, but offering nothing to controvert Plaintiff's Motion, or sway the court from its duty to give the State Court's Order the full faith and credit to which it is entitled.

Having reviewed the Motion and the Defendant's response, the court finds that the Plaintiff is entitled to summary judgment excepting the Debtor's debt from discharge.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 15) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter a separate judgment declaring the debt represented by the State Court's Order is excepted from discharge under 11 U.S.C. § 523(a)(4).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Linda Mapes and John P. Lovinger, Esq.

END OF ORDER

**IT IS SO ORDERED.**



Scott W. Dales
United States Bankruptcy Judge

**Dated: November 17, 2009**